UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>JERRY RAYNE, aka JERRY PAYNE,<br><br>       Defendant. | Case No. 1:05-CR-114-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The defendant seeks a reconsideration of the Court's decision refusing to reduce his offense level by 2 levels under the 2014 amendments to the Sentencing Guidelines for drug offenses. He complains that the Court did not give him a full opportunity to brief the issue. The Court has now reviewed his brief and finds that his motion to reconsider must be denied.

## ANALYSIS

The defendant claims he is entitled to the two-point reduction in the offense level set forth in the 2014 amendments to the Sentencing Guidelines. He argues that reducing his offense level from a 35 to a 33 would result in a reduced sentence because it would reduce the Guideline range to 135 to 168 months, a range significantly below the sentence he received of 180 months.

**Memorandum Decision & Order – page 1**

However, during defendant's sentencing hearing, the Court found that the applicable offense level was 38, rejecting defendant's claim that he was entitled to various reductions. *See Sentencing Memorandum (Dkt. No. 88).* The Court then granted a downward variance under § 3553(a) to reach the offense level of 35. *Id.*

Defendant takes issue with the Court's account, arguing that the Court computed the offense level at 35, and that the Court did not reach that level through a downward variance under § 3553(a). But the Court's Sentencing Memorandum is clear that the Court rejected the defendant's arguments seeking to reduce the original offense level of 38, and that the Court then "turn[ed] to a consideration of the sentencing factors in 18 U.S.C. § 3553(a)" to conclude that a downward variance to a level 35 was justified. *Id.* at p. 8-11.

Under the 2014 amendments, the two point reduction is subtracted from the offense level unreduced by the downward variance. *See U.S. v. Gonzalez-Rodriguez,* 114 F.Supp.3d 1063, 1065 (S.D.Ca. 2015) (holding that "the court must back out from the revised calculations of [defendant's] amended sentence range any departure or variance previously given, unless it was for substantial assistance")[1]; *see also,* USSG § 1B1.10, comment (n.1(A)) (new Guideline range is to be determined "before consideration of any departure . . . or any variance").

That means the Court begins with the offense level of 38, not 35. The Court must then "determine the amended guideline range that would have been applicable to the

---

[1] The defendant received no reduction for substantial assistance.

**Memorandum Decision & Order – page 2**

defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. U.S.,* 560 U.S. 817, 827 (2010). Taking two points from the level 38 results in a level 36; combined with a criminal history category of I, the new range would be 188 to 235 months. The Court cannot use the 2014 amendments to re-sentence the defendant "to a term that is less than the minimum of the amended guideline range produced by the substitution." *Id.* Here, the minimum sentence of the amended Guideline range would be 188 months. The Court cannot modify defendant's sentence below that figure. Because he was originally sentenced to 180 months, his motion must be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for reconsideration (docket no. 118) is DENIED.

DATED: July 5, 2016

B. Lynn Winmill
Chief Judge
United States District Court